NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TODD I. WEATHERSBEE,**
*Petitioner*

**v.**

**DEPARTMENT OF THE TREASURY,**
*Respondent*

---

2016-2628

---

Petition for review of the Merit Systems Protection Board in No. SF-0432-15-0634-I-1.

---

Decided: January 12, 2017

---

TODD I. WEATHERSBEE, Los Angeles, CA, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before LOURIE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Todd I. Weathersbee ("Weathersbee") appeals from the decision of the Merit Systems Protection Board ("MSPB" or "the Board") affirming the Department of Treasury's ("Treasury") decision to terminate his employment due to his failure to perform at the minimum level for retention. *Weathersbee v. Dep't of the Treasury*, No. SF-0432-15-0634-I-1, 2016 WL 4425101 (M.S.P.B. Aug. 18, 2016) ("*Final Order*"). Because the Board did not err in affirming Treasury's decision, we *affirm*.

BACKGROUND

Weathersbee was employed as a Revenue Officer with the Internal Revenue Service ("IRS"), where he was responsible for tax delinquency case management. In December 2013, Weathersbee's supervisor informed him that his performance in four of the five critical duty elements had been unsatisfactory. Following this notification, the IRS provided Weathersbee with a sixty-day "informal performance counseling plan," to give him a chance to improve his performance. *Weathersbee v. Dep't of the Treasury*, No. SF-0432-15-0634-I-1, 2015 WL 9436529, at *4 (M.S.P.B. Dec. 16, 2015) ("*Initial Decision*"). However, his performance did not improve.

In August 2014, Weathersbee's supervisor notified him that his performance in those same critical duty elements was still unsatisfactory. In the notice, Weathersbee's supervisor identified forty-seven examples of his failure to satisfy the minimum performance standards. Following this notification, the IRS placed Weathersbee on a ninety-day performance improvement period ("PIP"), to give him a chance to meet the minimum performance standards. To aid him in improving his performance, the IRS provided Weathersbee with twenty-four specific performance recommendations, as well as mentorship and weekly progress meeting opportunities. Weathersbee refused to participate in the process, maintaining that

"[t]he Internal Revenue Service does not pay me wages to listen to [my supervisor's] assessment of my performance." *Id.* at *5.

On March 4, 2015, Weathersbee's second-line supervisor proposed his removal for failure to satisfy minimum performance levels in the four critical areas. Weathersbee submitted a written reply to the proposal and the IRS Area Director issued a termination decision sustaining the reasons and specifications set forth in the proposal.

On June 12, 2015, Weathersbee appealed Treasury's termination decision to the MSPB, arguing, *inter alia*, that "he ha[d] not received any letter or official notice regarding his removal or appeal rights." *Id.* at *10.

On December 16, 2015, the Board's administrative judge ("AJ") issued an initial decision affirming Treasury's termination action and concluding, *inter alia*, that Weathersbee's purported failure to receive a copy of the final decision did not constitute harmful error. *See id.* at *29. The AJ determined that Treasury had sent Weathersbee three copies of its termination decision—one by first class mail, another by first class certified mail, and the third by UPS overnight delivery—and that Weathersbee had rejected both the Postal Service and UPS deliveries as "Receiver did not want, refused delivery." *See id.* at *7–8.

Weathersbee appealed to the full Board. On August 18, 2016, the Board issued its final order affirming the initial decision of the AJ. *Final Order*, 2016 WL 4425101, at ¶ 1. This appeal followed. We have jurisdiction under 5 U.S.C. § 7703(c).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

On appeal, Weathersbee challenges only the Board's determination that his alleged failure to receive the IRS's termination decision did not constitute harmful error. *See Final Order*, 2016 WL 4425101, at ¶ 14. Weathersbee argues that the Board failed to consider his assertion that he did not receive the agency's termination decision. Appellant's Br. 2 (item 2). Weathersbee maintains that "if the evidence was ruled on according to law, . . . [he] would have been the prevailing party" because it "would have confirmed [his] claim of harmful procedural error." *Id.* at 7.

The government responds that the record demonstrates the Board's full consideration of Weathersbee's argument regarding delivery of the IRS's termination decision. Appellee's Br. 5. The government maintains that the Board correctly concluded that "[t]he appellant has denied receipt or avoided service of virtually every document in this appeal . . . in what [it] conclude[s] is an attempt to obfuscate the process," *Initial Decision*, 2015 WL 9436529, at *23, and that, despite those disruptive efforts, Weathersbee had apparently received the agency's termination letter because he began the appellate process within days of the agency's decision, *see id.* Thus, the government argues, the Board correctly determined that Weathersbee's "delivery" argument was not credible and was legally baseless. Appellee's Br. 6.

We agree with the government that substantial evidence supports the Board's finding that Weathersbee failed to show harmful error because he was properly served with a copy of the IRS's termination decision. *See Initial Decision*, 2015 WL 9436529, at *20; *Final Order*, 2016 WL 4425101, at ¶ 14. Specifically, the Board found that: (1) on May 14, 2015, the day after the decision letter was mailed, Weathersbee sent a "global direction" to the mail processing center he had designated to receive his mail that all mail from the IRS should be refused, *Final Order*, 2016 WL 4425101, at ¶ 6 (internal quotation marks omitted); (2) because the two letters requiring Weathersbee's signature were delivered to his address and refused, the third letter—the one sent by first-class mail that did not require his signature—was presumed to have been delivered to Weathersbee because it was not returned to the IRS, *see id.*; (3) Weathersbee had done nothing to rebut the presumption of receipt of the third letter, *see id.* at ¶ 14; and (4) the presumption of receipt of the third letter is consistent with Weathersbee's behavior because he asserted that he attempted to file a Petition for Appeal as early as May 24, 2015, eleven days after IRS mailed the letter, *see Initial Decision*, 2015 WL 9436529, at *22–23.

Thus, the Board concluded that any harm suffered by Weathersbee because of his failing to read the received letter or to acknowledge its receipt was not due to any action or inaction of the IRS and consequently did not constitute harmful error. *See Final Order*, 2016 WL 4425101, at ¶ 6. That conclusion was supported by substantial record evidence.

We also find no abuse of discretion or error of law in the Board's decision. Weathersbee does not identify any evidence that would support the conclusion that the IRS failed to notify him of its termination decision or to rebut the Board's factual findings to the contrary. The record in this case supports the Board's finding that the IRS noti-

fied Weathersbee of its termination decision, despite his attempts to thwart the notification, and thus its conclusion that Weathersbee failed to meet his burden of proving harmful procedural error by a preponderance of the evidence. 5 C.F.R. § 1201.56 ("The appellant has the burden of proof, by a preponderance of the evidence, with respect to . . . (c) affirmative defenses.").

CONCLUSION

We have considered Weathersbee's remaining arguments, but find them unpersuasive. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**